

## TO THE COMPETENT JUDICIAL AUTHORITY IN THE UNITED STATES OF AMERICA, OFFICE OF INTERNATIONAL AFFAIRS, WASHINGTON D.C.

## LETTER OF REQUEST FOR ASSISTANCE IN THE INVESTIGATION OF SUSPECTED OFFENCES

27th September 2004

Dear Sir/Madam;

**Re: Criminal Investigation in the United Kingdom**

I, CHRISTOPHER L. PRATT, a District Judge sitting at Bow Street Magistrates' Court present my compliments to you and request your assistance under the provisions of the Treaty between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland, on Mutual Legal Assistance in Criminal Matters, signed at Washington on 6th January 1994 and entered into force on 2nd December 1996 in obtaining documents and information relevant to the investigation of the affairs of the persons and businesses named hereunder, whom it is suspected have committed offences of illegal dealings in medicines.

The Office of the Solicitor, the Department of Health, the Department for Work and Pensions, is the authority responsible for the prosecution of breaches of medicines control legislation and is currently investigating a large number of individuals and businesses with a view to prosecuting them for illegal dealings in medicines.

**Subjects of this Investigation:**

1. Gary Haywood of 63 Waterfall Way, Barwell, Leicester, LE9 8EH, United Kingdom, and believed to be a British subject, date of birth ▇▇▇▇▇▇▇. Gary Haywood is further believed to have been behind the use of the name of Willow Tree Surgery, 301 Kingsbury Road, 301 Kingsbury Road, London, United Kingdom.

2. One Source International, a business believed to be trading also under the name of One Source Pharmaceutical Medical from the address of 13901 Midway Road, Suite #102 - 202, Dallas, TX 75244, USA.

3. Nick Mallis, suspected to reside at 6701 North Swan Road, Tucson, Arizona 85718, believed to be a citizen of the United States of America, and believed to be a director of One Source International/ One Source Pharmaceutical Medical.

4. Global Medz Ltd, a business believed to be trading from the address of Island Project Building A, Queens Highway, Freeport, Grand Bahamas, Bahamas and from Boca Raton, Florida.

5. Dwight McCoy, believed to be a citizen of the United States of America and a project manager of Global Medz Ltd.

6. Tim McCoy, believed to be a citizen of the United States of America and a director of Global Medz Ltd.

7. Nashi Pharmacy, a business believed to be trading from the address of 65 Welbourne, Grove, London, W2 5RU, United Kingdom.

8. Ashish Halai of 1 Nicholas Road, Elstree, Hertfordshire, WD6 3JY, United Kingdom, date of birth ▇▇▇▇▇▇▇ and believed to be a director of Stormgrand Enterprises Ltd.

10. Stormgrand Enterprises Ltd, a business believed to be trading from 301A Kingsbury Road, London, United kingdom and PO Box 271, Edgware, HA8 8XH, United Kingdom.

11. Alpesh Patel of 30 Highfield Avenue, Kingsbury, London NW9 OPY, date of birth ██████ believed to be a recent employee of Stormgrand Enterprises Limited.

12. Planet Pharma AB, a business believed to be based in Sweden and trading from the address of Blasius Konigsgaten 18A, 37235 Ronneby, Sweden.

13. Ashwin Patel of 196 Chamberlayne Road, London, NW10 3JX, United Kingdom, date of birth ██████ believed to be an employee of Stormgrand Enterprises Ltd and Nashi Pharmacy.

14. Metro Pharmacy, a business believed to be trading from 11 Leeming Road, Boreham Wood, Hertfordshire, WD5 4EB, United Kingdom.

15. Rajendra Shah of 3 Heracles Close, Hert Street, St Albans, Hertfordshire, United Kingdom, date of birth ██████ believed to be the owner of Metro Pharmacy.

16. LPC Pharmaceuticals, a business believed to be trading from its head office of 2 Covent Garden Close, Luton, Bedfordshire, United Kingdom.

17. Satnam Singh Butter of Appletree Cottage, Hangs West End, Bedfordshire, MK45 3QT, United Kingdom, date of birth ██████ believed to be a director of LPC Pharmaceuticals.

18. Nimesh Mistry of 103 Review Road, Neasden, London, NW2 7BH, date of birth ██████ and believed to be an employee of LPC Pharmaceuticals.

19. Smartway Pharmaceuticals, a business believed to be trading from 130 Northcote Road, London, SW11 6QZ, United Kingdom.

20. Hitendra Patel of Tamarisk, St Mary's Copse, Worcester Park, KD4 7LA, United Kingdom, date of birth ▮▮▮▮▮▮ and believed to be the owner of Smartway Pharmaceuticals.

21. Cross Trading, a business believed to be trading from Box 5 595 21, Mjolby, Sweden.

22. JTR Associates, suspected to be a subsidiary or associated business of Global Medz Ltd and believed to be trading from Island Project Building A, Queens Highway, Freeport, Grand Bahamas, Bahamas.

23. Ritecare General Trading Company, a business believed to be based in Karachi, Pakistan.

24. Eco West, a business believed to be based in Sweden and trading from Box 5370, SE402 328, Gotenborg, Sweden and from The Ring Island (Ringon), Gothenburg, Sweden.

25. Inter Americas, a business.

26. Farmacia del Mundo SA de CV, a business believed to be trading from Domicilio Conocido, Col.Conchas Chinas, Puerto Vdarta, Jalisco, Mexico.

27. Dr Giorgio Patino, also suspected to be known as Giorio Patino Paticciano, believed to be residing Mexico and believed to be a director of Farmacia del Mundo SA de CV. His address is suspected to be Monque Rodo #2513, Pianta Alta, CO1 Lomas de Gueyara, Mexico. Dr Patino is also suspected to be the managing director of a company believed to be trading as World Pharmacies SA, Santa Caterina #2347, CO1 Belesario Dominguez Guadalajara Jalisco, Mexico CP 44320.

28. Peter Jackish, believed to be resident in Germany at Schoenauer Str 32, Neckersteinach, Germany 69239.

29. Julio Taboado, suspected to be linked to JTR Associates trading from Island Project Building A, Queens Highway, Freeport, Grand Bahamas, Bahamas.

30. Dhanji Goyib Halai, believed to be the owner of Nashi Pharmaceuticals and based in India.

31. David Morgan, a national of the USA and residing at 2821 Hitchcock Mill Run, Marrietta, Georgia, USA 30068.

No charges have yet been brought against these persons or businesses by this authority as enquiries have yet to be concluded.

**Statutory Power Enabling the Issue of this Letter of Request**

This Letter of Request is issued under Section 7(1) of the Crime (International Co-Operation) Act 2003 (set out at **Appendix 1**).

**Summary of Relevant Facts**

Officers of the Medicines and Healthcare products Regulatory Agency (hereafter "MHRA"), an executive agency of the Department of Health, the Department for Work and Pensions, were notified in December 2002 of a seizure by HM Customs & Excise of sildenafil tablets destined for Gary Haywood. Subsequently Gary Haywood offered to sell and thereafter arranged delivery of Viagra tablets to a private investigator.

In March 2003 officers of the MHRA were further notified that an Ashwin Patel of Stormgrand Enterprises Ltd (hereafter "Stormgrand") was distributing Viagra.

In May 2003 at Heathrow Airport HM Customs & Excise seized three packages containing Viagra that were addressed to 301A Kingsbury Road, London (the trading address of Stormgrand).

DHL notified officers of the MHRA in June 2003 of a package held by DHL and addressed to Gary Haywood, that was later discovered to contain counterfeit Viagra from China.

In July 2003 in searches under warrant of 63 Waterfall Way (the home address of Gary Haywood) and 301A Kingsbury Road (the trading address of Stormgrand) by officers of the MHRA, those officers seized various correspondence (including a purchase agreement between One Source LLC/Nashi Pharmacy and Global Medz) and counterfeit Viagra. Subsequent visits by officers of the MHRA to the premises of Metro Pharmacy and LPC Pharmaceuticals have uncovered documents indicating that Metro Pharmacy purchased Viagra from Smartway Pharmaceuticals which was then exported to Global Medz, and that Nashi Pharmacy made cheque payments to LPC Pharmaceuticals.

Banking documents indicate that a Dhanji Goyib Halai has ordered transfers of money to accounts held in the United States of America (including to an Ajay Sachania, Nick Mallis, James Timothy Mallis and Indo Gulf Trading Company) and further that Dhanji Goyib Halai has been the recipient of large sums of money via banks located in the United States of America (including from a Victor Villalba Doria). Banking documents also indicate that Stormgrand has ordered large transfers of money to accounts held in the United States of America, including to Interlab Enterprises of America, Americaps of North America Inc, and Senomatrix Inc.

Investigations of banking documents have revealed that Gary Haywood has received payments of large sums of money from Stormgrand and Nashi Pharmacy. Airway bills seized from Fed Ex indicate deliveries of packages from Gary Haywood to Dwight McCoy. An airway bill shows that Gary Haywood was sent medical products from China; a further seizure was made by HM Customs & Excise of a package sent from India to Gary Haywood of Viagra.

FedEx airway bills further indicate deliveries of packages of medicinal products from LPC Pharmaceuticals, Metro Pharmacy and Nashi Pharmacy to Dwight McCoy. A seized fax to Dwight McCoy reveals Planet Pharma giving him the bank details of Nashi Pharmacy. Invoices and purchase orders seized suggest that LPC Pharmaceuticals was supplying various medicinal products to Global Medz. Metro Pharmacy has invoiced Global Medz for medicinal products and also purchased medicinal products from Global Medz. LPC Pharmaceuticals has generated invoices to Global Medz for purchase orders. Cross Trading has received an order from Stormgrand for delivery of medicinal products to Global Medz; Stormgrand has also received invoices from Cross Trading and Metro Pharmacy in relation to trading in medicinal products. Purchase orders seized indicate that Metro Pharmacy has ordered Viagra tablets from Smartway Pharmaceuticals. FedEx airway bills indicate that Metro Pharmacy has supplied packages of medicinal products to JTR Associates. Planet Pharma has invoiced JTR Associates for large amounts of dollars for supplying medicinal products.

An airway bill generated by the Transworld Freight Company indicates Ritecare General Trading Company sent a package containing medicinal products on behalf of Smartway Pharmaceuticals. Other airway bills of the Transworld Freight Company reveal numerous deliveries of medicinal products by Smartway Pharmaceuticals. Seized invoices reveal purchases of medicinal products by Metro Pharmacy from Smartway Pharmaceuticals.

Nashi Pharmacy also appears from banking documentation to have made payments of large sums of money to Cross Trading, Eco West, Metro Pharmacy, Inter Americas, Nick Mallis and LPC Pharmaceuticals. Invoices seized indicate that Nashi Pharmacy has sold medicinal products to LPC Pharmaceuticals. Airway bills seized reveal deliveries of packages from Stormgrand to Eco West; an order confirmation slip, an invoice and a payment demand indicate deliveries of medicinal products from Eco West to Stormgrand. Invoices demonstrate trading in medical products between Cross Trading and Stormgrand.

Ashish Halai is known to have travelled in November 2002 to The Bahamas to visit Global Medz and thereafter from The Bahamas to Mexico to visit Farmacia del

Mundo. In light of the abovementioned facts, it is suspected that these visits were made in connection with the illegal dealings with medicinal products. An airway bill generated by FedEx indicates that Ashish Halai has sent sildenafil citrate to a Dr Giorgio Patino in Mexico. FedEx airway bills reveal that Ash Halai and Stormgrand sent medicinal products to a Peter Jackish.

Documents seized indicate that Farmacia del Mundo has supplied or made arrangements to supply medicinal products to LPC Pharmaceuticals, Global Medz, JTR Associates and Julio Taboado.

Records seized indicate that the counterfeit medicinal products were being distributed by a Nick Mallis of One Source Pharmaceutical Medical to numerous internet pharmacies marketing to customers in the United States with distribution centers in the Bahamas. A FedEx airway bill that has been seized reveals a package sent from Ashish Halai to Nick Mallis; other banking records indicate payments of large sums to Nick Mallis by Nashi Pharmacy.

In summary, the above facts detail the suspected existence of an extremely large-scale and international conspiracy to illegally trade in medicinal products, both within the United Kingdom and by import to and export from the United Kingdom using an established network of individuals and businesses in jurisdictions including the United States of America.

Officers of the MHRA are aware that criminal investigations by the Food and Drug Administration's Miami Field Office have commenced against some of the above-named individuals and businesses. Officers of the MHRA have been liasing in this regard with District Attorney Robert Nicholson, Miami, Florida, whose office telephone number is 9543567255 ext. 3597.

The Department of Health, the Department for Work and Pensions is also applying for Letters of Request to Sweden and Jersey in connection with their criminal investigations into individuals and businesses including those and linked with those named above.

### Suspected Offences

In light of the aforementioned facts, there are reasonable grounds for suspecting that the following offences have been committed and that further investigation is required:

(a) evading the prohibition on the sale or supply of prescription-only medicine, contrary to Sections 58 and 67 of the Medicines Act 1968.

(b) selling or offering for sale any medicinal product by way of wholesale dealing, contrary to Sections 8 and 45 of the Medicines Act 1968.

(c) placing a medicinal product on the market without holding a Community or United Kingdom marketing authorisation in respect of that product contrary to Schedule 3(1) of the Medicines for Human Use (Marketing Authorisations etc.) Regulations 1994.

Sildenafil citrate, the active ingredient in the medicinal product known as Viagra, is a prescription-only medicine.

By virtue of Section 67(2) of the Medicines Act 1968, the retail sale or supply of prescription-only medicines in contravention of Section 58 is an offence for which a convicted offender is liable on summary conviction to a fine not exceeding £5000, and on conviction on indictment is liable to imprisonment for a term not exceeding two years, or an unlimited fine, or both. The same penalties may be imposed for conviction for the offence of placing a medicinal product on the market contrary to Schedule 3(1) of the Medicines for Human Use (Marketing Authorisations etc.) Regulations 1994, and for conviction for the offence of selling or offering for sale any medicinal product by way of wholesale dealing contrary to Sections 8 and 45 of the Medicines Act 1968.

### The Legislation

Copies of the relevant statutory provisions relating to these suspected offences are annexed to this Letter at **Appendix 2**.

### Assistance requested

Assistance is requested in order to further investigations and secure evidence to be placed before the Magistrates' Court and the Crown Court at any future prosecutions of the above-named individuals and businesses for offences.

1. Investigating officers of the MHRA, from evidence obtained under production orders in this country and from documents seized in searches of properties, have identified the following accounts suspected to be linked to the individuals and businesses listed above from page 1:

   (a) account number ▇▇▇ swift code ▇▇▇ held at the HSBC Bank International Ltd, 500 Stanton, Christiana Road, Newark, Delaware in the name of Gary Haywood.

   (b) account number ▇▇▇ swift code ▇▇▇ held at the Wells Fargo Bank, 4975 Preston Park Blvd, Suite 100, Plano, Texas 75093 in the name of Nick Mallis.

   (c) US dollar account number ▇▇▇, swift code ▇▇▇ held at the Wells Fargo Bank, 5740 N Swan Rd, Tuscon, Arizona 85718 in the name of Nick Mallis.

   (d) account number ▇▇▇ swift code ▇▇▇ held at the Wells Fargo Bank, 5740 N Swan Rd, Tuscon, Arizona 85718 in the name of James Timothy Mallis.

   (e) account number ▇▇▇ held at the Wells Fargo Bank, 13355 East South Street, Cerritos, California 90703 in the name of Ajay Sachania.

   (f) account number ▇▇▇ believed to be held at Barclays Bank Plc NYK, 222 Broadway, New York, NY 10038 and suspected to be held in the name of DG Halai or Victor Villalba Doria or Global Medz.

   (g) suspected account number ▇▇▇ believed to be held in the name of Giorgio Patino at a branch of Wells Fargo Bank with an address of 420 Montgomery Street but for which further details are unknown.

   (h) suspected account number ▇▇▇ believed to be held in the name of Indo Gulf Trading Company at Barclays Bank Plc NYK, 222 Broadway, New York, NY 10038.

      (i) suspected account number ▮▮▮▮▮ held in the name of Interlab Enterprises of America of PO Box 2907, Hallandale, Florida 3008-2907 at either Barclays Bank Plc NYK, 222 Broadway, New York, NY 10038 or Colonial Bank, Aventura, Florida.

      (j) suspected account number ▮▮▮▮▮ held in the name of Americaps of North America of PO Box 612561, North Miami, Florida 33261-2561 at either Barclays Bank Plc NYK, 222 Broadway, New York, NY 10038 or Colonial Bank, Aventura, Florida.

      (k) suspected account number ▮▮▮▮▮ held in the name of Senomatrix Inc of 1749 E. Hallendale, Beach Blvd. 341, Hallendale, Florida 33009-4618 at Colonial Bank, Aventura, Florida.

2. To visit an appropriate official of the banks listed at paragraphs 1(a) to (k) immediately above or any other financial institution discovered, as a result of the enquiries undertaken, to hold or have held an account in the names of or connected with those listed under "Subjects of the Investigation" on page 1 or paragraphs 1(a) to (k) above; to interview him/her and take a signed witness statement in writing concerning matters relating to any account held by the aforesaid including but not limited to: the opening of an account or accounts in the names of the aforesaid, by whom it was opened, the identity of the current signatories and the subsequent operation of that account, exhibiting all relevant supporting documentation including account contracts and bank statements as exhibits to the signed witness statement.

3. To verify the existence of the business, whether company, incorporated or unincorporated body of One Source International, One Source Pharmaceutical Medical, Global Medz Ltd, Cross Trading, JTR Associates and Inter Americas, including but not limited to visiting the relevant registrar of companies in relation to them to inspect the register and obtain copies of the entries therein relating to them.

4. To obtain copies of court records, indictments, subpoenas, depositions, complaints, affidavits and investigative reports, such copies to be certified

as true copies of the original documents in relation to criminal charges and investigations commenced against any or all of the aforementioned businesses and individuals.

It is also requested:

5. That such other enquiries are made, persons questioned and documents produced as appear to be necessary from the course of the above enquiries;

6. That an indication be obtained from any potential witness as to whether they would be prepared to travel to the United Kingdom if necessary to give evidence in person;

7. That the originals of any depositions or statements made, and any other documents or items secured during the course of the enquiries, or if the transmission of original documentation is not possible, the signed and certified copies, be handing to the investigating officers of the MHRA and permission be given for their removal to the United Kingdom for the use in any criminal proceedings, restraint of assets proceedings and confiscation proceedings that are instigated against the aforementioned individuals and businesses and any other persons or businesses tried with them in relation to these offences.

8. Where it is requested that documentation be obtained from an official at a business or organisation the official's statement should state his/her position in the organisation and produce the documents as set out above. In relation to such documents the witness should be asked to state whether the documents were written by him/her. If they were not written by him/her the witness should state how the documents were created and in particular:

(a) Were they created by a person in the course of a trade, business, profession or other occupation;

    (b) Was the information contained in the documents supplied by a person (whether or not he was the person who made them) who had, or may reasonably be supposed to have had, personal knowledge of the matters dealt with;

    (c) If the information was not supplied directly, did each person through whom it was supplied receive it in the course of a trade, business, profession or other occupation.

The witness statement should therefore include the following words: "In order to carry out my duties I have access to all the [insert description of records e.g. County/bank] records both manual and computerised relating to [insert what records relate to e.g. set out address/account number]. The documents to which I refer are derived from and form part of the records relating to the business of [insert the business or organisation e.g. The County of _____/_____ Bank] and were compiled in the ordinary course of business from information recorded by persons who had, or may reasonably be supposed to have had, personal knowledge of the matter dealt with in the information they supplied. The person or persons who supplied the information recorded in the records cannot reasonably be expected to have any recollection of the matter dealt with in the information they supplied."

9.     That any information held on computer in any form be preserved and secured from unauthorised interference and made available in due course to the investigating officers for use in any subsequent criminal proceedings, restraint of assets proceedings and confiscation proceedings.

It is therefore requested that the above enquiries are furthered to obtain the assistance requested, and that other enquiries are permitted if the necessity arises during the course of the investigation. The above enquiries are consistent with those that would be permitted to be undertaken in the United Kingdom in connection with the investigation of criminal offences, proceedings to restrain assets and confiscation proceedings.

It is requested that investigative officers of the MHRA be permitted to be present when the above enquires are made. The identity of these officers will be made known to the authorities of the United States of America in advance of any visit.

This Honourable Court hereby requests the said information and assistance relevant to the investigation as set out in this Letter be obtained and authenticated by yourselves and returned to this Honourable Court by way of the Central Authority for Mutual Legal Assistance in Criminal Matters, Judicial Co-operation Unit, Home Office, 50 Queen Anne's Gate, London, SW1H 9AT, England.

If required John-Paul Davies-Morgante, the lawyer responsible for this request at the Department of Health, the Department for Work and Pensions can be contacted on 00 44 8652 6500 or in writing to The Department of Health, the Department for Work and Pensions, Office of the Solicitor – Area Lawyers Office, 5th Floor, Sutherland House, 29-37 Brighton Road, Sutton, Surrey SM2 5AN.

Signed

District Judge

Date: 27th September 2004